# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:22-cv-115-MOC-DSC

| | |
|---|---|
| WENDY SURGEON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MIDAS HOSPITALITY, LLC, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on a Motion for Partial Dismiss for Failure to State a Claim and Motion to Strike Allegations, filed By Defendant Midas Hospitality, LLC. (Doc. No. 5).

## I. BACKGROUND

Plaintiff filed this action in Mecklenburg County Superior Court on February 14, 2022, after she was terminated from her employment with Defendant Midas Hospitality, LLC. Plaintiff brings the following claims against Defendant: (1) race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; (2) harassment based on race, sex, and age, in violation of Title VII and the Age Discrimination in Employment Act of 1967 ("ADEA"); (3) retaliation in violation of Title VII; (4) age discrimination in violation of the ADEA; (5) race discrimination in violation of 42 U.S.C. § 1981; and (6) wrongful discharge in violation of public policy under N.C. GEN. STAT. § 143-422.2(a). (Doc. No. 1-3).

Defendants removed the action to this Court on March 16, 2022. (Doc. No. 1). On April 13, 2022, Defendant filed the pending motion to dismiss/motion to strike allegations. (Doc. No. 5). Plaintiff has filed a Response, (Doc. No. 7), and Defendant has filed a Reply, (Doc. No. 8).

This matter is therefore ripe for disposition.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim.[1] Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption

---

[1] The U.S. Supreme Court has held that "Title VII's charge-filing instruction is not jurisdictional, but rather a claims-processing rule." Krings v. AVL Techs., No. 1:20cv259, 2021 WL 1235129, at *4 (W.D.N.C. Feb. 10, 2021) (citing Fort Bend Cnty., Texas v. Davis, 139 S. Ct. 1843 (2019)). Thus, motions to dismiss for failure to exhaust administrative remedies are analyzed under Rule 12(b)(6) rather than Rule 12(b)(1) of the Federal Rules of Civil Procedure. See id.

of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

In its motion to dismiss and motion to strike allegations, Defendant first argues that Plaintiff's harassment/hostile work environment claim brought under Title VII and the ADEA must be dismissed due to Plaintiff's failure to exhaust her administrative remedies before the EEOC as to this claim. For the following reasons, the Court agrees.

In support of the harassment claim, Plaintiff alleges that Defendant "knowingly and intentionally allowed Plaintiff to be harassed by Plaintiff's supervisors and co-workers because of her race, sex, and age." (Doc. No. 1 at ¶ 55). Plaintiff further alleges that Defendant's alleged misconduct in "knowingly and intentionally" allowing Plaintiff to be subjected to harassment created a "severe and pervasive hostile work environment." See (Doc. No. 1-3 at ¶ 57).

In support of her claim, Plaintiff has included a specific section in the "Factual Allegations" titled "Ms. Surgeon Suffered Harassment by Managers and Co-workers after her Complaints of Harassment." See (Doc. No. 1-3 at ¶¶ 30–36). Plaintiff asserts that this alleged misconduct by Defendant was in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. See (Doc. No. 1-3 at ¶¶ 52–62).

However, Plaintiff's Charge of Discrimination with the EEOC did not include any allegations and/or claims related to a "severe and pervasive hostile work environment." See (Doc. No. 1-4). Moreover, Plaintiff's Charge of Discrimination is void of any instances or

allegations of harassment by Plaintiff's supervisors prior to or following Plaintiff's complaint against Brian Richardson, which, as admitted by Plaintiff, was immediately remedied by Defendant. See (Doc. No. 1-4 and Doc. No. 1-3 at ¶ 57). Plaintiff's Charge of Discrimination is also void of any instances or allegations of harassment by Plaintiff's co-workers.[2] See (Doc. No. 1-4).

Before a plaintiff has standing to file a lawsuit under Title VII and the ADEA, the plaintiff must first exhaust her administrative remedies by filing a charge with the EEOC. See 42 U.S.C. § 2000e-5(e)(1) and 29 U.S.C. § 626(d); see also Hernandez v. Mobile Link (N.C.) LLC, No. 5:20cv504, 2021 WL 2056979, at *3 (E.D.N.C. May 21, 2021); Walton v. N.C. DOC, No. 1:17cv54, 2018 WL 1368364, at *6 (W.D.N.C. Mar. 16, 2018). The allegations contained in an administrative charge generally limits the scope of any subsequent judicial complaint. See Hentosh v. Old Dominion Univ., 767 F.3d 413, 416 (4th Cir. 2014) (citing King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976) (stating that a subsequent civil suit "may encompass only the discrimination stated in the [EEOC] charge itself or developed in the course of a reasonable investigation of that charge")).

If the claims raised under Title VII in the civil suit "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." See Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005) (holding that Plaintiff failed to exhaust his administrative remedy because he did not allege specific

---

[2] As Defendant notes, Plaintiff appears to recognize that some allegations contained in her Complaint were clearly not asserted in her EEOC Charge of Discrimination, including any allegations of harassment or a hostile work environment, as Plaintiff has pled that her "EEOC Charge arose out of many [but not all] of the same facts alleged" in her Complaint. See (Doc. No. 1-3 at ¶ 38).

instances of harassment by co-workers in his EEOC charge of discrimination, which was the focal point of the civil action, even though Plaintiff's administrative charge mentioned specific instances of harassment from supervisors)). Similarly, claims raised under the ADEA in a civil suit that fall outside the scope of the EEOC charge are procedurally barred. See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

Plaintiff's Title VII and ADEA claims in her EEOC Charge of Discrimination are limited in scope. Specifically, Plaintiff's Charge of Discrimination alleges that Defendant discriminated against Plaintiff based on sex, age, race, and color when making the decision to furlough and terminate Plaintiff. See (Doc. No. 1-4). Furthermore, Plaintiff's Charge of Discrimination alleges that Defendant retaliated against Plaintiff by terminating her employment due to Plaintiff making a verbal complaint against co-worker Brian Richardson. (Id.).

Plaintiff's Charge of Discrimination does not include any mention of "a severe and pervasive hostile work environment" as alleged in Plaintiff's Complaint. (Id.). Furthermore, although Plaintiff's Charge of Discrimination states that she made a singular complaint to Defendant about a manager's sexist and racist comments towards her, who Plaintiff admits was promptly terminated as a result of Plaintiff's complaint, Plaintiff's Charge of Discrimination makes no mention of any other supervisors' or co-workers' actions in creating a "severe and pervasive hostile work environment." (Id.).

Similarly, the factual allegations contained in paragraphs 30 through 36 of Plaintiff's Complaint related to Plaintiff's alleged ongoing harassment during her employment for Defendant, were not included in Plaintiff's EEOC Charge of Discrimination. In fact, there were no similar allegations made or contained within Plaintiff's Charge of Discrimination that would have reasonably prompted an investigation of a harassment and a hostile work environment

5

claim.

Plaintiff's Second Claim for relief exceeds the scope of the allegations within Plaintiff's EEOC Charge of Discrimination and the EEOC's reasonable investigation of the same. Therefore, Plaintiff's Second Claim for relief is dismissed for her failure to exhaust the required administrative remedies. Furthermore, the Court will grant the motion to strike the factual allegations related to her hostile work environment claim, set forth in Paragraphs 30 through 36, as they are immaterial to the remaining causes of actions in the Complaint. See Bandy v. Advance Auto Parts, Inc., 7:11cv365, 2012 WL 831027, at *5 (W.D. Va. Mar. 6, 2012) (striking factual allegations where the plaintiff failed to exhaust his or her administrative remedies).

## IV. CONCLUSION

For the reasons stated herein, the Court will grant Defendant's partial motion to dismiss and motion to strike. Plaintiff's second claim (harassment/hostile work environment) is dismissed without prejudice. Furthermore, the related paragraphs 30 through 36 are stricken.

**IT IS, THEREFORE, ORDERED** that

(1) Defendant's Motion for Partial Dismissal and Motion to Strike, (Doc. No. 5), is

**GRANTED** in accordance with the terms of this Order.

Signed: May 26, 2022



Max O. Cogburn Jr.
United States District Judge